# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                           CRIMINAL ACTION NO. 5:17-cr-00200

MICHAEL BLANKENSHIP,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Defendant's Second Motion in Limine to Exclude Other Bad Acts Evidence at Trial* (Document 36), the *Defendant's Memorandum in Support* (Document 37), and the *United States' Response to Defendant's Second Motion in Limine to Exclude Other Bad Acts Evidence at Trial* (Document 40). For the reasons stated herein, the Court finds that the Defendant's motion should be denied, subject to a limiting instruction, and the Government's evidence should be admitted.

The United States alleges that the Defendant, Michael Blankenship, owned Hanover Contracting Company, LLC, a business engaged in "cleaning portable toilets, hauling domestic sewage, and disposing of the sewage . . . ." (Indictment, at ¶ 3.) In order to perform these tasks, Mr. Blankenship allegedly used two sewage-hauling trucks, each capable of carrying between 400 and 800 gallons of sewage. On November 16, 2017, the Defendant was indicted on eleven counts of discharging untreated sewage and portable toilet waste into waters of the United States without

a permit issued pursuant to the Clean Water Act in violation of 33 U.S.C. §§ 1311(a) and 1319(c)(2)(A).

On March 20, 2018, Mr. Blankenship filed a *Motion in Limine to Exclude Other Bad Acts Evidence at Trial* (Document 24) and a *Motion to Exclude Untimely Noticed 404(b) Evidence, or in the Alternative, Motion for Leave to File Any Additional Motions in Limine to Exclude 404(b) Testimony* (Document 30). United States Magistrate Judge Omar Aboulhosn held a pre-trial motions hearing on March 27, 2018, wherein the parties informed the Court that they had reached an agreement on the Defendant's motion in limine to exclude evidence of prior bad acts in that the United States had agreed not to present any evidence at trial of the Defendant's prior state court misdemeanor convictions. Magistrate Judge Aboulhosn therefore terminated the motion in limine as moot. Magistrate Judge Aboulhosn also denied the Defendant's motion to exclude 404(b) evidence, finding that the United States "exercised good faith in disclosing the additional witness statements as soon as that information became known, and did not disclose same untimely due to the United States continuing obligation and duty to disclose discovery when it becomes known." (*Order*, at 2) (Document 34.)

In response to the Magistrate Judge's findings, the Defendant filed this second motion in limine. Mr. Blankenship argues that the United States intends to introduce at trial evidence consisting of testimony from his neighbors, Denver and Virginia Lester, regarding the illegal discharges. The Defendant argues that this evidence will consist of pictures and testimony from Mr. and Mrs. Lester showing that Mr. Blankenship discharged the sewage inappropriately on unspecified dates that are separate from the specific dates charged in the indictment. Because this evidence falls outside the time for which Mr. Blankenship is charged with a crime, the Defendant

argues that this evidence constitutes prior bad acts evidence not admissible pursuant to Rule 404(b) of the Federal Rules of Evidence. The Defendant argues this evidence amounts to "other crimes" evidence that is not necessary to complete the story of the crime for which he will be tried, that it does not prove his intent to violate the Clean Water Act, that it is unreliable, and that the unfair prejudicial effect it will have on the jury substantially outweighs its probative value.

The United States counters that the evidence is admissible because it does not fall under the purview of Rule 404(b). The United States contends that the evidence is not evidence of prior bad acts, but that it is intrinsic to, and completes the story of, the crimes for which the Defendant is charged. The United States asserts that the evidence from Mr. and Mrs. Lester which falls outside of the charging period "provides context to the eleven charges to be presented to the jury" such that it is not subject to exclusion under Rule 404(b). The United States alternatively argues that, even if the evidence does fall under the purview of Rule 404(b), it is still admissible because it is relevant to an issue the United States must prove, it is probative of an element of the crime, it is reliable, and its probative value is not substantially outweighed by the danger of unfair prejudice.

Rule 404(b) of the Federal Rules of Evidence provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). The rule further states that "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* at 404(b)(2). "Rule 404(b) only applies, however, to evidence relating to acts extrinsic to the conduct being prosecuted. Evidence intrinsic to the story of the crime does not fall under Rule 404(b)'s prohibition." *United States v. Cooper*, 482 F.3d 658, 663 (4th Cir. 2007)

3

(citing *United States v. Lipford*, 203 F.3d 259, 268 (4th Cir. 2000)).  In order for extrinsic evidence to be admissible under Rule 404(b), it must be (1) relevant to an issue other than the defendant's character, (2) probative of an essential element of the crime for which the defendant is charged, (3) reliable, and (4) admissible under Rule 403 such that its probative value is not substantially outweighed by the danger of confusion or unfair prejudice to the jury.  *See*, *United States v. McBride*, 676 F.3d 385, 395 (4th Cir. 2012).

The Court finds that the evidence and testimony of Mr. and Mrs. Lester does not constitute evidence of prior bad acts such that it is subject to exclusion or analysis under Rule 404(b). According to its discovery disclosures, the United States intends to introduce evidence at trial from Mr. and Mrs. Lester that they witnessed and took photographs of the Defendant discharging sewage waste into Little Huff Creek both before and during the time period alleged in the indictment.  This evidence constitutes the history of Mr. Blankenship's discharges and is inextricably intertwined with the Clean Water Act violations that the United States must prove at trial.  Although some of the discharges Mr. and Mrs. Lester will testify to fall outside of the charging period in the indictment, they are sufficiently connected to the criminal activity charged in the indictment such that they tell the story of the crime.  *See*, *United States v. Kennedy*, 32 F.3d 876, 887 (4th Cir. 1994) ("[E]vidence of uncharged conduct is not considered 'other crimes' evidence if it arose out of the same series of transactions as the charged offense or if it is necessary to complete the story of the crime (on) trial.") (internal citations omitted).  Mr. and Mrs. Lester will testify that the discharges arose out of the same series of discharges contained in the indictment.  Their testimony is expected to complete the story regarding the activities for which

Mr. Blankenship is charged. Thus, the evidence does not fall within the purview of Rule 404(b) and admissible.

However, even if the evidence was not intrinsic, it would still be admissible under Rule 404(b) analysis. The evidence is relevant to issues other than the Defendant's character, such as his intent to discharge the pollutants without a permit, and whether he did so in the absence of mistake or accident. The United States must prove at trial that the Defendant committed the alleged acts knowingly, and the Lester evidence is probative of this element. Although the Defendant argues otherwise, the Lester evidence is also reliable. Mr. and Mrs. Lester provide specific details about the allegations, including photographs, such that their testimony is not "so preposterous that it could not be believed by a rational and properly instructed jury." *United States v. Aramony*, 88 F.3d 1369, 1377 (4th Cir. 1996). Finally, the probative value of the evidence and testimony is not substantially outweighed by unfair prejudice. Under an appropriate limiting instruction, the evidence relating to undated discharges is not confusing and will not be unduly prejudicial under Rule 403.[1] Therefore, the evidence should not be excluded.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the *Defendant's Second Motion in Limine to Exclude Other Bad Acts Evidence at Trial* (Document 36) be **DENIED**.

---

1 The Court further notes that this same limiting instruction would prevent Mr. and Mrs. Lester's testimony from removing the Government's burden to prove criminal conduct on the dates charged in the indictment. Such a limiting instruction would explain that the testimony outside the timeline in the indictment provides context and history to the charged activity, but does not, on its own, prove that the Defendant acted on the dates and in the manner charged in the indictment.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: April 10, 2018

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA