# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        CRIMINAL ACTION NO. 5:17-cr-00200

MICHAEL BLANKENSHIP,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *United States Motion in Limine to Exclude Water Quality Data and Evidence Concerning Lack of Harm* (Document 48), the *Defendant's Response to United States Motion in Limine to Exclude Water Quality Data and Evidence Concerning Lack of Harm* (Document 54), and the attached exhibit in question. For the reasons stated herein, the Court finds that the United States' motion should be granted.

The Defendant, Michael Blankenship, was indicted on November 16, 2017, for eleven counts of discharging untreated sewage and portable toilet waste into waters of the United States without a Clean Water Act permit in violation of 33 U.S.C. §§ 1311(a) and 1319(c)(2)(A).[1] During discovery, the Defendant provided a water quality table "purportedly representing data on

---

1 The Court previously explained in greater detail the procedural history regarding the charges against the Defendant in its *Memorandum Opinion and Order* (Document 52) regarding a prior motion in limine, and refers to that opinion herein.

1

the fecal [coliform] levels at different areas of Little Huff Creek at different dates, ranging from 2000 to 2016." (United States' Mot., at 3.)

The United States argues that the stream table the Defendant proposes to introduce should be excluded because it is irrelevant under Rule 401 of the Federal Rules of Evidence. The United States asserts that it will not attempt to introduce any evidence of the fecal coliform levels in the stream at issue because the quality of the stream itself is immaterial to their case against the Defendant. Because the level of pollutant in the stream, or harm to the stream in general, is not an element the United States must prove, it argues that the general water quality data is irrelevant under Rule 401. The United States also argues the stream table should also be excluded under Rule 403 because it would be prejudicial and confusing to the jury.

The Defendant counters that the United States' motion should be denied because it was not timely filed. He further argues that the water quality table is admissible because there is a clear path to the authenticity of the data in question, and because it is relevant. The Defendant contends that the table "provides the jury with an alternative explanation for why Mr. Blankenship's neighbors smelled a sewage odor emanating from Little Huff Creek." (Def.'s Resp. at 1-2.) According to the Defendant, this evidence will speak to the photos taken by the Defendant's neighbors that the United States intends to introduce and will "demonstrate that sewage was present in Little Huff Creek in 2015-2016 from sources other than Mr. Blankenship . . . ." (*Id.* at 9.) The Defendant argues that this evidence is relevant because "the sewage odor is the basis the neighbor witnesses have for alleging that Mr. Blankenship was discharging." (*Id.*)

Rule 401 of the Federal Rules of Evidence states that "[e]vidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b)

the fact is of consequence in determining the action." Further, pursuant to Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues . . . ." Fed. R. Evid. 403.

Without addressing the timeliness[2] issue in great detail, the Court finds that the water quality chart the Defendant seeks to introduce is not relevant. Based on the charges in the indictment, the United States must prove that the Defendant knowingly discharged a pollutant from a point source without a permit issued in accordance with the Clean Water Act. *See*, *United States v. Cooper*, 482 F.3d 658, 663 (4th Cir. 2007); *United States v. Wilson*, 133 F.3d 251, 264 (4th Cir. 1997). The quality of the stream, before and during the time in which the Defendant is charged with discharging into the stream, is not relevant to the elements of the charged offense. Further, appropriate cross examination of the testimony of the neighbor witnesses, with respect to the odor of the stream, can fully address this issue from the Defendant's perspective without introducing the water quality table.

However, even if the evidence were relevant, the Court finds that the water quality table should be excluded under Rule 403. The water quality of the stream is not determinative of whether or not the Defendant illegally discharged pollutants into a water of the United States without a permit. The quality of the stream is not at issue. Any possible probative value of the water quality table is substantially outweighed by the potential for confusing the jury regarding the actual elements of the charged offense.

---

2 Although the United States' motion was filed outside of the deadline established for motions in limine, the Court would have necessarily ruled on the issue had it arisen during trial and therefore finds that a ruling before trial, which will assist the parties in planning trial strategy, is appropriate.

**CONCLUSION**

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the *United States Motion in Limine to Exclude Water Quality Data and Evidence Concerning Lack of Harm* (Document 48) be **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: April 13, 2018

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA