IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

MICHAEL BLANKENSHIP,

        Petitioner,

v.                                     CIVIL ACTION NO. 5:20-cv-00037
                                       (Criminal No. 5:17-cr-00200)

UNITED STATES OF AMERICA,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

On January 15, 2020, the Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence (Document 113). By *Standing Order* (Document 114) entered on January 16, 2020, the matter was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.

On October 5, 2020, the Magistrate Judge submitted a *Proposed Findings and Recommendation* (PF&R) (Document 131), wherein it is recommended that this Court deny the Petitioner's § 2555 motion and dismiss this action with prejudice. The Petitioner filed timely objections, titled *Reply to Magistrate's Proposed Findings and Recommendation* (Document 132) on October 22, 2020. For the reasons stated herein, the Court finds that the objections should be overruled, and the PF&R should be adopted.

# FACTS

Magistrate Judge Eifert's PF&R sets forth in detail the procedural and factual history surrounding the Petitioner's motion. The Court now incorporates by reference those facts and procedural history, but in order to provide context, the Court provides the following summary. The Petitioner, Michael Blankenship, operated a business that cleaned portable toilets and collected domestic sewage, and his offense involved discharge of sewage into a stream near his residence. He was convicted of two counts of felony violations of the Clean Water Act (CWA) on April 18, 2018, following a two-day jury trial. He was acquitted of the remaining nine counts contained in the indictment. On January 17, 2019, the Court imposed a sentence of 15 months of incarceration, followed by a year of supervised release, and a $10,000 fine.

Mr. Blankenship was represented by Christian Capece, then the Federal Public Defender for the Southern District of West Virginia, and Lorena Litten, an Assistant Federal Public Defender. Between his trial and his sentencing, Mr. Capece completed his term as Federal Public Defender and withdrew from the case. Mr. Blankenship unsuccessfully appealed certain evidentiary rulings, as well as the Court's refusal to offer a jury instruction for a lesser included offense of illegal dumping. He initiated this motion to vacate his conviction and sentence pursuant to 28 U.S.C § 2255 based on allegations of ineffective assistance of counsel.

# STANDARD OF REVIEW

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation

2

to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R *de novo,* the Court will consider the fact that Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## DISCUSSION

Magistrate Judge Eifert grouped Mr. Blankenship's eight alleged instances of ineffective assistance of counsel into two categories: "failure to challenge the CWA's application to his conduct…and failure to object to or move to exclude certain evidence." (PF&R at 7.) She explains that the CWA provides criminal liability for the discharge of pollutants for which no permit is available, that the CWA expressly includes sewage in the statutory definition of a pollutant, and that the United States is free to indict either an individual or a business for CWA violations. Therefore, she found that the failure of his attorneys to seek dismissal on those grounds was neither unreasonable nor prejudicial.

Judge Eifert also concluded that Mr. Blankenship's attorneys acted reasonably when they did not move to suppress or object to presentation of evidence derived from a warrantless search of the sewage tanker truck that West Virginia Department of Environmental Protection (WVDEP) agents observed with a hose leading into the creek, based on their analysis that the automobile exception to the warrant requirement applied. Likewise, she found that his attorneys reasonably concluded that samples taken from a concrete pad near Mr. Blankenship's residence were

3

admissible because the area was not within the home's curtilage and was used for business purposes. Judge Eifert further rejected Mr. Blankenship's assertion that his attorneys should have objected to testimony regarding his prior admission on hearsay grounds, explaining that "when a trial witness for the prosecution testifies about statements made by the defendant, the testimony is not considered to be hearsay." (PF&R at 13.) She explained that his attorneys' failure to object to testimony from a neighbor recounting the smell of sewage when a hose from the tanker truck was connected to the creek was neither unreasonable nor prejudicial because it was permissible lay testimony not requiring qualification as an expert. Finally, Judge Eifert found that it was not unreasonable or prejudicial for his attorneys to fail to raise objections to the United States' closing argument, given their explanation that the argument did not misstate the evidence.

Mr. Blankenship's objections include specific arguments only as to the failure to seek to suppress the warrantless search and the failure to object to the neighbor's testimony regarding the sewage smell. He contends that the WVDEP inspectors violated his Fourth Amendment rights when they came to his property in response to an anonymous email complaint and gathered evidence without obtaining a search warrant. He argues that "[a]ll evidence was obtained by trespassing on private property without permission or warrant." (Obj. at 2.) He also contends that the neighbor's testimony was permissible lay testimony when he recounted noticing a sewage smell, but crossed the line into expert testimony when he "testified 'my nose don't lie' which would require special medical/scientific testing knowledge to confirm/prove." (*Id.*)

"[T]he right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment. . . ." *Wheat v. United States*, 486 U.S. 153, 159 (1988). "[T]he purpose of providing assistance of counsel is simply to ensure that criminal defendants receive a fair trial."

4

*Wheat*, 486 U.S. at 158-59. (internal quotations and citations omitted). The standard for a claim based on ineffective assistance of counsel is well settled. In *Strickland v. Washington*, the United States Supreme Court held that to succeed on such a claim, one must establish that his counsel's performance "fell below an objective standard of reasonableness" and as a result of this shortcoming, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. 668 at 669, 694 (1984).

The automobile exception permits officers to search a vehicle without a warrant if they have probable cause to do so, given the mobility and extensive regulatory control of vehicles. *Collins v. Virginia*, 138 S. Ct. 1663, 1670 (2018). In *Collins*, the Supreme Court held that the automobile exception did not permit a warrantless search of a vehicle parked within the curtilage of a residence. *Id.* at 1671. Fourth Amendment jurisprudence establishes heightened protections for homes and the surrounding curtilage, as distinct from open fields—even when those fields are privately owned. *United States v. Dunn*, 480 U.S. 294, 300 (1987). The Supreme Court held that "curtilage questions should be resolved with particular reference to four factors: the proximity of the area claimed to be curtilage to the home, whether the area is included within an enclosure surrounding the home, the nature of the uses to which the area is put, and the steps taken by the resident to protect the area from observation by people passing by." *Id.* at 301.

Mr. Blankenship's attorneys carefully considered those factors and reasonably concluded that a motion to suppress was not warranted. The WVDEP went to Mr. Blankenship's property, which was the location of both his residence and his business, in response to an anonymous emailed complaint regarding dumping of sewage into the creek. The agents observed the sewage

tank truck with a hose leading to the creek and took photographs. The truck was parked on a concrete pad not immediately adjacent to the residence. They left to secure the assistance of law enforcement. When they returned with law enforcement, the truck had been moved to another parking area. They obtained permission from an employee and took samples from the concrete pad and from the valve on the truck where the hose had been connected. Mr. Blankenship's attorneys concluded that the investigators had probable cause, the concrete pad was not within the home's curtilage, and that the automobile exception applied to the search of the truck. Because their decisions were reasonable, the objection as to the warrantless search must be overruled.

Rule 701 of the Federal Rules of Evidence permits lay opinion testimony that is "rationally based on the witness's perception, helpful to clearly understanding the witness's testimony or to determining a fact in issue, and not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Rule 702 permits a witness who has been qualified as an expert to offer opinion testimony under specified circumstances. Fed. R. Evid. 702. The Fourth Circuit has noted the "fine line" between lay opinion admissible under Rule 701 and expert opinion testimony that must comply with the strictures of Rule 702, finding that an expert must have some specialized knowledge or skill. *United States v. Perkins*, 470 F.3d 150, 155 (4th Cir. 2006). Further, "lay opinion testimony *must* be based on personal knowledge," while expert testimony may, but need not, be based on direct observation. *Id.* at 155-56.

Mr. Blankenship's attorneys explain that there would have been no basis for an objection to the neighbor's testimony because identifying the smell of sewage or feces requires no specialized skill or knowledge. The witness's statement that his "nose don't lie" does not imply expertise or application of specialized skill or knowledge; it was simply the witness's method of

6

expressing his confidence that he accurately perceived the odor of sewage. Any objection would have been frivolous, and Mr. Blankenship's attorneys acted reasonably in declining to object to the neighbor's testimony of his direct observations. Accordingly, Mr. Blankenship's objections must be overruled and his § 2255 petition must be dismissed.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Petitioner's objections, titled *Reply to Magistrate's Proposed Findings and Recommendation* (Document 132), be **OVERRULED** and that the Magistrate Judge's *Proposed Findings and Recommendation* (Document 131) be **ADOPTED**. The Court further **ORDERS** that the Petitioner's motion under 28 U.S.C. §2255 to vacate, set aside or correct sentence (Document 113) be **DENIED,** that this action be **DISMISSED** and removed from the Court's docket, and that any pending motions be **TERMINATED AS MOOT**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Cheryl A. Eifert, to counsel of record and to any unrepresented party.

ENTER: November 18, 2020

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA